**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

JOSEPH R. SLIGHTS III
VICE CHANCELLOR

417 S. State Street
Dover, Delaware 19901
Telephone: (302) 739-4397
Facsimile: (302) 739-6179

Date Submitted: August 10, 2018
Date Decided: September 7, 2018

Michael J. Barry, Esquire
Cynthia M. Calder, Esquire
Grant & Eisenhofer, P.A.
123 Justison Street
Wilmington, DE 19801

Srinivas M. Raju, Esquire
Brock E. Czeschin, Esquire
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, DE 19801

Re: *In re Appraisal of Jarden Corporation*
Consolidated C.A. No. 12456-VCS

Dear Counsel:

I have reviewed Petitioners' Motion to Exclude certain documents Respondent offered as evidence during the trial of this statutory appraisal action. Specifically, Respondent sought to introduce seventeen (17) documents that relate to Jarden's post-signing financial performance. Petitioners objected on the ground that the documents were not identified in discovery, despite having been requested. They also raised relevancy and hearsay objections. I deferred ruling on the objections and directed the parties to address the matter post-trial. For the reasons that follow, the motion is denied.

Petitioners maintain that they propounded interrogatories to Respondent seeking the identification of: (a) financial "forecasts," "projections," "budgets," and "reforecasts" that were "presented to the Board, any management committee, or any finance committee"; (b) "all documents that discuss, characterize, concern, or opine on the legitimacy, achievability, conservatism, or aggressiveness of the Company's financial projections"; and (c) "all documents that reflect any instructions, communications, or direction concerning the preparation of any financial projections, the assumptions to be included in any financial projections, or the content of any financial projections."

There is no dispute that, in response to these interrogatories, Respondent did not identify the documents at issue in this motion. But it did produce them. Its experts (Glenn Hubbard and Marc Zenner) referred to them in their reports and discussed them at their depositions. And it offered to produce a witness in response to Petitioners' Rule 30(b)(6) deposition notice who would be prepared to address "(1) "Jarden's Plans and Projections that were used for any purpose from January 1, 2015 through the date of the Merger;" and (2) "Jarden's process for preparing its Plans and Projections and any revisions thereto in the normal course of business." Petitioners ultimately declined to take that deposition.

One can debate whether the interrogatories identified by Petitioners in support of their motion called for Respondent to identify the documents Petitioners now seek to strike from the evidentiary record. But one cannot debate, at least not with honest conviction, whether Petitioners were well aware of these documents in advance of trial. They were. There was no "trial ambush" here. The exclusion of trial evidence following an alleged discovery violation is a "severe sanction" reserved for instances where a litigant "behaved inequitably or with willful disregard of [his adversary's] rights [causing his adversary] to suffer[] unfair prejudice."[1] This is hardly such a case.

To the extent Petitioners' motion rests on a relevancy objection, that objection is rejected. The post-signing financial documents address the condition of Jarden during a timeframe relevant to the "fair value" determination.[2] The relevancy

---

[1] *Fitzgerald v. Cantor*, 1998 WL 409158 at *4 (Del. Ch. June 22, 1988).

[2] *See, e.g.*, *Merion Capital L.P. v. Lender Processing Servs., Inc.*, 2016 WL 7324170, at *23 (Del. Ch. Dec. 16, 2016) ("The parties have to address this temporal gap, because '[t]he time for determining the value of a dissenter's shares is the point just before the merger transaction 'on the date of the merger.'") (internal citation omitted); *In re Appraisal of PetSmart, Inc.*, 2017 WL 2303599, at *31 (Del. Ch. May 26, 2017) (analyzing information concerning the company's post-signing performance); *Union Ill. 1995 Inv. Ltd. P'ship v. Union Fin. Gp., Ltd.*, 847 A.2d 340, 343 (Del. Ch. 2004) (observing that

inquiry under our rules of evidence asks whether: (a) [the evidence in question] has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."[3] The evidence in question here meets this low threshold. What weight, if any, the evidence will be given in the Court's deliberations, however, remains to be seen.[4]

Finally, Petitioners' hearsay objection to the evidence is misplaced. The documents at issue fall within the so-called "business records" exception to the

---

"nothing occurred between the signing of the Merger Agreement and the effective date of the Merger that resulted in an increase in the value of UFG").

[3] D.R.E. 401.

[4] *In re Estate of Blums*, 2014 WL 5860376, at *4 (Del. Ch. Nov. 12, 2014) (admitting evidence over relevancy objection and noting that the objection was "best addressed by considering what weight should be given to the [evidence]"); *Towerview LLC v. Cox Radio, Inc.*, 2013 WL 3316186, at *1 (Del. Ch. June 28, 2013) ("The Court will consider the evidence adduced by the parties and will attribute to it the weight the Court deems appropriate based on the credibility of the source and the relevance and probative value of the evidence."); *S. Muoio & Co. v. Hallmark Entm't Invs. Co.*, 2011 WL 863007, at *2 n.2 (Del. Ch. Mar. 9, 2011), *aff'd*, 35 A.3d 419 (Del. 2011) (TABLE) ("I have considered the parties' briefing regarding numerous outstanding objections to the admissibility of testimony, reports, exhibits, documents, demonstrative exhibits, rebuttal exhibits and testimony, and handwritten notes. I overrule all of the objections and admit all of the items which are the subject of these continuing objections. I will accord each item the weight and credibility that it appropriately deserves.").

hearsay rule under D.R.E. 803(6). The documents were identified and discussed by a qualified witness with knowledge (Savina Waldron) who was able to lay the proper "business records" foundation.[5] Moreover, the records are similar in form to hundreds of other documents that both Petitioners and Respondent have placed on the joint exhibit list without objection (e.g. internal emails between Jarden business managers, internal management slide presentations, etc.).[6]

Based on the foregoing, Petitioners' Motion to Strike is **DENIED.**

**IT IS SO ORDERED.**

Very truly yours,

*/s/ Joseph R. Slights III*

---

[5] *See* D.R. E. 803(6) ("A memorandum, report, record or data compilation, in any form, of acts, events, conditions, opinions or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness . . .).

[6] *See, e.g., Verition P'rs Master Fund Ltd. v. Aruba Networks, Inc.*, 2018 WL 922139, at 37 n.346 (Del. Ch. Feb. 15, 2018) (finding documents to be business records, and noting that "petitioners' selective introduction of similar, and in some cases nearly identical, documents bolsters this conclusion").